


Office of the Solicitor General
Office 614-466-8980
Fax 614-466-5087

November 21, 2025

Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

    Re:   28(j) notice in *NetChoice, LLC v. Yost*, No. 25-3371

Dear Ms. Stephens:

    Pursuant to Federal Rule of Appellate Procedure 28(j), the Attorney General notifies the Court of the following decision, which recently came to the Attorney General's attention: *District of Columbia v. Meta Platforms, Inc.*, No. 2023 CAB 006550, 2025 D.C. Super. LEXIS 52 (D.C. Super. Ct. Oct. 23, 2025). The decision was issued the same day the Attorney General submitted his reply brief in this case.

    In *District of Columbia*, the Superior Court for the District of Columbia held that the crime-fraud exception overcame Meta's claim of attorney-client privilege. To reach that conclusion, the court reviewed Meta's communications regarding research into "the mental health of teen users of its platforms." *Id.* at *13. Within those communications, "Meta researchers relay[ed] advice from Meta's counsel that researchers should remove portions of research showing Meta's knowledge of teen users' developmental vulnerability." *Id.* at *14. As the court found, Meta's counsel "explicitly advised Meta researchers to 'remove,' 'block,' 'button[] up,' 'limit,' and 'update' their research." *Id.* (alteration in original).

    Although this case does not involve the crime-fraud exception, the Superior Court's underlying crime-fraud findings reinforce at least three points that the State makes here. *First*, for purposes of third-party standing, NetChoice—whose

members are social-media companies, including Meta—is not an adequate representative of children's rights and interests. AG Br. 19–23; Reply Br. 2–5. *Second*, social-media companies are aware of the mental-health dangers that their platforms pose to adolescents. AG Br. 5–7. *Third*, leaving social-media companies to regulate themselves is not an effective substitute for state regulation in this area. Reply Br. 1, 27.[*]

DAVE YOST
Ohio Attorney General

/s/ *Mathura J. Sridharan*
MATHURA J. SRIDHARAN*
Ohio Solicitor General
 *Counsel of Record*
ZACHERY P. KELLER
Deputy Solicitor General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614.466.8980
Mathura.sridharan@ohioago.gov

*Counsel for Appellant*
 *Dave Yost*

---

[*] This notice complies with Federal Rule of Appellate Procedure 28(j), as the body contains 265 words.

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

      /s/ Mathura J. Sridharan
Mathura J. Sridharan
Solicitor General