LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. NW
Washington, DC 20001
Scott A. Keller
scott@lkcfirm.com

December 2, 2025

**Via ECF**

Kelly L. Stephens
Clerk of Court
Office of Clerk
United States Court of Appeals
  for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

> RE:   *NetChoice, LLC v. Yost*, No. 25-3371 (6th Cir.),
>         Response to Defendant-Appellant's Nov. 21, 2025, 28(j) Letter

Dear Ms. Stephens:

The D.C. Superior Court's decision in *District of Columbia v. Meta Platforms, Inc.*, No. 2023 CAB 006550, 2025 WL 3186572 (D.C. Super. Ct. Oct. 23, 2025), has no bearing on this case. That case did not involve the First Amendment issues before the Court in this matter. Rather, as Defendant-Appellant's 28(j) letter acknowledges, that case involved a separate attorney-client privilege issue regarding documents produced in discovery. Moreover, the specific documents discussed in that case are not part of the record before the Court here. Regardless, the *Meta* order does not affect the merits of NetChoice's facial challenge to Ohio's parental-consent requirement for minors to create accounts on "social media" websites. Ohio Rev. Code § 1349.09 ("Act").

*First*, NetChoice may raise the rights of its members' users because those members and their users share the same First Amendment interest in accessing and disseminating fully protected speech on the websites covered by the Act. *See* NetChoice.Br.25-29. Plus, nothing in the *Meta* order undermines

NetChoice's associational standing to assert its *members'* rights. NetChoice.Br.20-24. That is all the Court needs to affirm the district court's judgment.

*Second*, the district court here rejected Defendant's argument that this record's equivocal evidence of purported mental health risks from social media use is enough to satisfy heightened First Amendment scrutiny. MSJ Order, R.56, Page ID ## 1341-42. The district court acknowledged the purported mental health risks of social media use. *Id.* at Page ID ## 1304, 1342. But it also explained the benefits that social media provides to minor users. *Id.* at Page ID # 1303. In any event, Defendant's attempt to provide extra-record evidence about a single company regulated by the Act cannot justify the Act's unfocused and over-inclusive breadth. NetChoice.Br.59-60.

*Third*, regardless of whether Defendant thinks that state regulation is preferable to, or more effective than, existing parental tools and websites' own policies, the State may not impose content-based restrictions on access to protected speech.

Respectfully submitted,

*/s/ Scott A. Keller*
Scott A. Keller
*Counsel of Record*
*for Plaintiff-Appellant*

cc:      All counsel of record via ECF

2

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the word limit of Fed. R. App. P. 28(j) because this document contains 318 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point typeface.

*/s/ Scott A. Keller*
Scott A. Keller

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2025, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system.

I CERTIFY that all participants in the case are registered CM/ECF users and that the service will be accomplished by the appellate CM/ECF system.

*/s/ Scott A. Keller*
Scott A. Keller

3