LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. NW
Washington, DC 20001
Scott A. Keller
scott@lkcfirm.com

January 5, 2026

**Via ECF**

Kelly L. Stephens
Clerk of Court
Office of Clerk
United States Court of Appeals
for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

RE: *NetChoice, LLC v. Yost*, No. 25-3371,
Plaintiff-Appellee's Letter Under Fed. R. App. P. 28(j)

Dear Ms. Stephens:

The Middle District of Louisiana granted NetChoice summary judgment and permanently enjoined enforcement of a Louisiana law against NetChoice's regulated members that would have, among other things, required minor users to secure parental consent before creating accounts on a content-based subset of "social media" websites. Order, *NetChoice v. Murrill*, No. 3:25-cv-00231-JWD-RLB (M.D. La. Dec. 15, 2025), ECF 78 ("*Murrill*.Op."). At least four aspects of *Murrill* are especially relevant to NetChoice's challenge to Ohio's Act here.

First, *Murrill* correctly recognized that NetChoice has both Article III associational standing and prudential standing to challenge laws regulating NetChoice's members'—and their users'—ability to disseminate and access fully protected speech. *Murrill*.Op.23-41. The same is true here. NetChoice.Br.19-29.

Second, *Murrill* correctly rejected the argument that Louisiana's parental-consent requirement—to access vast amounts of fully protected speech—

regulates mere unprotected conduct. *Murrill*.Op.68-74. Rather, it restricts speech, triggering and violating any form of heightened First Amendment scrutiny. Here too, Defendant's central argument is that Ohio's parental-consent requirements are permissible regulations of unprotected conduct. *E.g.*, NetChoice.Br.33-41.

Third, *Murrill* correctly applied strict First Amendment scrutiny to Louisiana's speech restrictions because Louisiana targeted covered websites for regulation based on the content they disseminate. *Murrill*.Op.60-65. In so doing, *Murrill* rejected Louisiana's attempts to analogize its laws to the law evaluated by the Supreme Court in *Free Speech Coalition, Inc. v. Paxton*, 606 U.S. 461 (2025). *Murrill*.Op.64; *see* NetChoice.Br.50-51. Ohio's content-based coverage exceptions likewise require strict scrutiny here. NetChoice.Br.41-49.

Fourth, *Murrill* "finds troubling" multiple aspects of an expert report that (1) "could not supply consensus definitions of 'social media,'" tying regulated websites to purported harms from "social media"; and (2) "included only studies showing a correlative, not a causal, relationship between social media use and harms to minors." *Murrill*.Op.72-73; *see Murrill*.Op.54-55, 65-66 n.19. Here, Defendant declined to even offer an expert report. And the few academic studies that Defendant offered to justify its parental-consent requirement have similar flaws as the report in *Murrill*. NetChoice.Br.53-55, 59.

Respectfully submitted,

*/s/ Scott A. Keller*
Scott A. Keller
*Counsel of Record*
*for Plaintiff-Appellant*

Encl.: Order, *NetChoice v. Murrill*, No. 3:25-cv-00231-JWD-RLB (M.D. La. Dec. 15, 2025), ECF 78

cc: All counsel of record via ECF

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the word limit of Fed. R. App. P. 28(j) because this document contains 324 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point typeface.

/s/ Scott A. Keller
Scott A. Keller

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2026, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system.

I CERTIFY that all participants in the case are registered CM/ECF users and that the service will be accomplished by the appellate CM/ECF system.

/s/ Scott A. Keller
Scott A. Keller