DAVE YOST
OHIO ATTORNEY GENERAL

Office of the Solicitor General
Office 614-466-8980
Fax 614-466-5087

January 7, 2026

Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

Re: Response to 28(j) notice in *NetChoice, LLC v. Yost*, No. 25-3371

Dear Ms. Stephens:

NetChoice draws four points from *NetChoice v. Murrill*, 2025 WL 3634112, No. 3:25-cv-00231-JWD-RLB (M.D. La. Dec. 15, 2025). None is persuasive.

*First*, NetChoice cites *Murrill* to support its standing. But two critical differences exist. First, if NetChoice's claims rely solely on associational standing deriving from members' rights, such standing does not suffice. Unlike in *Murrill,* NetChoice brings only a facial challenge here. *See Murrill*, 2025 WL 3634112, at *2. That proves fatal because Supreme Court precedent forecloses facial relief if NetChoice asserts only the rights of social-media companies. Reply Br.3, 7. Thus, unlike in *Murrill*, NetChoice cannot prevail based on associational standing alone. It *needs* prudential standing to assert children's rights.

For prudential standing, *Murrill* did not address whether inherent conflicts between social-media companies and children restrict such companies from asserting children's rights. *Murrill,* 2025 WL 3634112, at *20–21; *see* Reply Br.3–4. That matters because the Supreme Court has said that even a father could not bring a First Amendment claim for his child when their interests conflicted. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1 (2004). Tellingly, *Murrill* does not even mention *Elk*.

*Second*, *Murrill* did not address what scrutiny *Ohio's* law should receive. Ohio's law, unlike Lousiana's, mandates parental consent *only when* social-media companies seek to *contract with* children. *Compare* Ohio Revised Code §1349.09(B)(1) *with* La. R.S. §51:1752(B). That distinction matters. Ohio's law regulates conduct, child contracting, so it receives rational-basis review. AG Br.32–39.

*Third*, even if mistakenly understood to regulate speech, Ohio's parental-consent law is content neutral. AG Br.40–47. *Murrill* does not seriously engage with the Supreme Court's careful distinction between content-based laws subject to strict scrutiny and content-neutral laws that remain agnostic to "substantive messag[ing]." *See* AG Br.40–41 (discussing *City of Austin v. Reagan Nat'l Adver. of Austin, LLC*, 596 U.S. 61 (2022)).

*Fourth*, *Murrill*'s evidentiary analysis does not confront Ohio's full range of interests. Ohio's law fulfils the State's compelling, historical role in protecting children from contracting risks. *Murrill* never grapples with that interest or the undisputed history. *See Murrill,* 2025 WL 3634112, at *36.[*]

DAVE YOST
Ohio Attorney General

/s/ *Mathura J. Sridharan*
MATHURA J. SRIDHARAN*
Ohio Solicitor General
**Counsel of Record*
ZACHERY P. KELLER
Deputy Solicitor General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614.466.8980
Mathura.Sridharan@OhioAGO.gov

*Counsel for Appellant*
*Dave Yost*

[*] This notice complies with Federal Rule of Appellate Procedure 28(j), as the body contains 350 words.

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

*/s/ Mathura J. Sridharan*
Mathura J. Sridharan
Solicitor General