DAVE YOST
OHIO ATTORNEY GENERAL

Office of the Solicitor General
Office 614-466-8980
Fax 614-466-5087

January 28, 2026

Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

Re: 28(j) notice in *NetChoice, LLC v. Yost*, No. 25-3371

Dear Ms. Stephens:

Under Federal Rule of Appellate Procedure 28(j), the Attorney General notifies the panel of this Court's decision in *Doe v. Burlew*, — F.4th —, Nos. 24-5669/5743, 2026 WL 194479 (6th Cir. Jan. 26, 2026). *Burlew* involved a First Amendment challenge to a Kentucky law that required sex offenders to include their legal names on social-media accounts. *Id.* at *1. Applying *Moody v. NetChoice, LLC*, 603 U.S. 707 (2024), this Court vacated preliminary relief arising from a facial attack, stressing "the cost that litigants impose on themselves when they pursue only facial constitutional claims." *Burlew*, 2026 WL 194479 at *1 (quotation omitted).

Two points from *Burlew*'s analysis stand out. *First*, *Burlew* recognized that a facial analysis "must evaluate" a law's full scope. *Id.* at *6. Because there were "several unresolved debates" about the law's scope in *Burlew*, the record left "unclear" whether a facial attack was viable. *Id.* at *6–*7.

*Second*, *Burlew* identified reasons why, in the social-media context, constitutional answers might vary by application. "To start, the constitutional answers might differ depending on what" online users "plan to do with their social-media accounts." *Id.* at *7 (quotation omitted). "The constitutional answers also might differ depending on the platforms at issue." *Id.* (quotation omitted). And they

"might differ depending on the speech at issue." *Id.* For example, online scenarios involving commercial speech, rather than political speech, might call for "less-exacting scrutiny." *Id.*

These lessons apply here because NetChoice "pursue[s] only facial constitutional claims." *See id.* at *1. But NetChoice *chose* not to build a record that would allow this Court to assess the full scope of the challenged law's applications. AG Br. 24–29; Reply Br. 5. That decision "comes at a cost." *Moody*, 603 U.S. at 723. Accounting for the variety of the online world, NetChoice cannot assume a one-size-fits-all answer in its favor. AG Br. 26–28; Reply Br. 7–8. Because NetChoice did not "account for this variety," it did not facilitate "the demanding comprehensive review that a facial challenge requires." *See Burlew*, 2026 U.S. App. LEXIS 1875 at *1, *9.[*]

DAVE YOST
Ohio Attorney General

/s/ *Mathura J. Sridharan*
MATHURA J. SRIDHARAN*
Ohio Solicitor General
**Counsel of Record*
ZACHERY P. KELLER
Deputy Solicitor General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614.466.8980
Mathura.Sridharan@OhioAGO.gov

*Counsel for Appellant*
*Dave Yost*

[*] This notice complies with Federal Rule of Appellate Procedure 28(j), as the body contains 343 words.

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

*/s/ Mathura J. Sridharan*
Mathura J. Sridharan
Solicitor General