LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. NW
Washington, DC 20001
Scott A. Keller
scott@lkcfirm.com

February 2, 2026

**Via ECF**

Kelly L. Stephens
Clerk of Court
Office of Clerk
United States Court of Appeals
for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

RE: *NetChoice, LLC v. Yost*, No. 25-3371,
Plaintiff-Appellee's Response to Defendant-Appellant's Letter
Under Fed. R. App. P. 28(j)

Dear Ms. Stephens:

*Doe v. Burlew* is inapposite. *Doe* involved a pre-enforcement facial challenge to a Kentucky statute that prohibits convicted sex offenders who "committed a criminal offense against a victim who is a minor" from creating accounts on social media unless the account displays the offender's name. The plaintiff there argued that the statute is facially unconstitutional because it violates his First Amendment right to engage in *anonymous* speech. The Court held that he failed to show that the law's unconstitutional applications significantly outweighed its constitutional ones. This Court noted that while some applications of the statute might raise constitutional concerns (*e.g.*, engaging in anonymous political speech on X), others might not (*e.g.*, anonymously messaging children on "children-focused" websites). *Doe*.Op.10-13. Because the district court failed to address the "variety" of different potential applications, this Court vacated the injunction.

The Ohio law here is nothing like the law in *Doe*. In *Doe*, the question was whether *convicted sex offenders* have a First Amendment right to engage in *anonymous* First Amendment activity—which this Court concluded might vary depending on the website and the activity at issue given (among other things) the State's interest in protecting minors from sexual predators. *Doe*.Op.11-13. Ohio's law, by contrast, restricts the entire universe of minors under 16 from *accessing* all manner of websites that permit users to "[i]nteract socially with other users"—*i.e.*, engage in protected speech. This case is thus far more like *Packingham*, where the Supreme Court invalidated a state law prohibiting convicted sex offenders from *accessing* "social media." NetChoice.Br.33, 53. *Doe* itself distinguished *Packingham* on this basis, noting that "disclosure requirements" are "less restrictive" than access "prohibitions." *Doe*.Op.13-14.

Nor does this case involve "unresolved debates" about a law's "scope." *Doe*.Op.10. Everyone agrees that the law applies *only* to websites that permit users to "[i]nteract with other users"—*i.e.*, engage in protected speech. *Doe*'s concerns about variance across websites and speech types do not apply here, because the constitutional question—whether minors may be required to obtain parental consent before *accessing* protected speech—is the same in every application. NetChoice.Br.67.

Respectfully submitted,

*/s/ Scott A. Keller*
Scott A. Keller
*Counsel of Record*
*for Plaintiff-Appellant*

cc: All counsel of record via ECF

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the word limit of Fed. R. App. P. 28(j) because this document contains 344 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point typeface.

*/s/ Scott A. Keller*
Scott A. Keller

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2026, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system.

I CERTIFY that all participants in the case are registered CM/ECF users and that the service will be accomplished by the appellate CM/ECF system.

*/s/ Scott A. Keller*
Scott A. Keller