LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. NW
Washington, DC 20001
Scott A. Keller
scott@lkcfirm.com

March 10, 2026

**Via ECF**

Kelly L. Stephens
Clerk of Court
Office of Clerk
United States Court of Appeals
for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

RE: *NetChoice, LLC v. Yost*, No. 25-3371,
Plaintiff-Appellee's Letter Under Fed. R. App. P. 28(j)

Dear Ms. Stephens:

The Eastern District of Virginia preliminarily enjoined the Virginia Attorney General's enforcement of a law that would have, among other things, limited minors' use of a content-based collection of "social media" websites to one hour per day, absent parental consent to use the service for longer. Mem. Op., *NetChoice v. Jones*, 1:25-cv-2067 (PTG/LRV) (E.D. Va. Feb. 27, 2026), ECF 50 ("*Jones*.Op."). At least four aspects of *Jones* are especially relevant to NetChoice's challenge to Ohio's Act here.

First, *Jones* correctly recognized that NetChoice has both Article III associational standing and prudential standing to challenge laws regulating NetChoice's members'—and their users'—ability to disseminate and access fully protected speech. *Jones*.Op.6-12. The same is true here. NetChoice.Br.19-29.

Second, *Jones* concluded that Virginia's law was subject to strict First Amendment scrutiny because it targeted covered websites for regulation based on

the content they disseminate. *Jones*.Op.16-19. Much like Ohio's law here, Virginia: (1) "creates exemptions for news [and] ecommerce"; and (2) "[f]avors provider-selected speech over user-generated speech." *Jones*.Op.18; *see* NetChoice.Br.41-49.

Third, *Jones* held that Virginia's parental-consent requirement failed any form of heightened First Amendment scrutiny that might apply, including intermediate scrutiny. *Jones*.Op.19-24. The court emphasized that "there are other less restrictive means to achieve the government's goals," such as the "ample tools" that parents possess "to limit minors' access to social media." *Jones*.Op.22; *see* NetChoice.Br.57-58. Likewise, the court credited NetChoice's evidence that "people across the nation and world (minors and adults alike) use these websites every day to explore protected speech." *Jones*.Op.21 (citation omitted). So the court concluded that Virginia's law was "overinclusive because it covers a significant amount of protected speech." *Jones*.Op.23; *see* NetChoice.Br.59-60.

Finally, *Jones* correctly held that Virginia's law was *facially* unconstitutional "based on its content restrictions" because the law is a content-based restriction of speech in all applications. *Jones*.Op.14. The same is true here. NetChoice.Br.65-71.

Respectfully submitted,

*/s/ Scott A. Keller*
Scott A. Keller
*Counsel of Record*
*for Plaintiff-Appellant*

Encl.: Mem. Op., *NetChoice v. Jones*, 1:25-cv-2067 (PTG/LRV) (E.D. Va. Feb. 27, 2026), ECF 50

cc: All counsel of record via ECF

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the word limit of Fed. R. App. P. 28(j) because this document contains 306 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point typeface.

*/s/ Scott A. Keller*
Scott A. Keller

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 10, 2026, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system.

I CERTIFY that all participants in the case are registered CM/ECF users and that the service will be accomplished by the appellate CM/ECF system.

*/s/ Scott A. Keller*
Scott A. Keller