DAVE YOST
OHIO ATTORNEY GENERAL

Office of the Solicitor General
Office 614-466-8980
Fax 614-466-5087

March 11, 2026

Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

Re: Response to 28(j) notice in *NetChoice, LLC v. Yost*, No. 25-3371

Dear Ms. Stephens:

NetChoice draws four points from *NetChoice v. Jones*, 1:25-cv-2067 (E.D. Va. Feb. 27, 2026). Each misfires.

*First,* NetChoice claims *Jones* supports its standing for its members and its children users. As Ohio explained, NetChoice must rely on children's standing because it never developed a record that would suffice if it relied solely on associational standing through its members. *See* AG Reply Br.3, 7. NetChoice thus needs prudential standing to assert children's rights. On that question, *Jones* did not address whether conflicts between social-media companies and children restrict companies from asserting children's rights. *Jones* never mentions *Elk v. Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1 (2004), in which the Supreme Court held that a *father* could not bring a First Amendment claim for *his child* when their interests conflicted. *Jones*'s reliance on *Craig v. Boren*, 429 U.S. 190 (1976) and *Brown v. Entertainment Merchants' Association*, 564 U.S. 786 (2011) is misplaced: neither featured, nor examined, an obvious conflict between rightholder and litigant. *See Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 144 (2011).

*Second*, NetChoice argues for heightened First Amendment scrutiny because it views Virginia's social-media-time-limit law as "[m]uch like Ohio's." Not so.

Ohio's law, unlike Virginia's, solicits parental involvement only when social-media companies seek to contract with children. *Compare* Ohio Revised Code §1349.09(B)(1) *with* Va. Code §59.1–577.1. That focus on conduct—specifically, children contracting—means Ohio's law receives rational-basis review. *See* AG Br.32–39.

*Third*, even if mistakenly understood to regulate speech, Ohio's law is content neutral. AG Br.40–47. *Jones* does not cite *City of Austin v. Reagan National Advertising of Austin, LLC*, 596 U.S. 61 (2022), which carefully distinguished content-based laws subject to strict scrutiny from content-neutral laws that remain agnostic to "substantive messag[ing]." *Id.* at 70.

*Last*, *Jones* sidestepped the mandatory *Moody* analysis. Any facial challenge "must evaluate" the law's full "scope." *Doe v. Burlew*, 165 F.4th 525, 532 (6th Cir. 2026) (quoting *Moody v. NetChoice, LLC*, 603 U.S. 707, 724 (2024)). Proceeding under a *higher*, all-constitutional-applications standard cannot absolve litigants of this requirement.[*]

DAVE YOST
Ohio Attorney General

/s/ *Mathura J. Sridharan*
MATHURA J. SRIDHARAN*
Ohio Solicitor General
**Counsel of Record*
ZACHERY P. KELLER
Deputy Solicitor General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614.466.8980
Mathura.Sridharan@OhioAGO.gov

*Counsel for Appellant*
*Dave Yost*

[*] This notice complies with Federal Rule of Appellate Procedure 28(j), as the body contains 342 words.

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

*/s/ Mathura J. Sridharan*
Mathura J. Sridharan
Solicitor General