**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| NETCHOICE, LLC,<br><br>*Plaintiff-Appellee*,<br><br>v.<br><br>DAVID ANTHONY YOST, in his official capacity as Ohio Attorney General,<br><br>*Defendant-Appellant*. | ) | No. 25-3371 |

**REPLY IN SUPPORT OF MOTION TO EXTEND STAY OF MANDATE**

Ohio offers no good reason why this Court should not extend the stay of mandate. This Court has already determined that a stay of mandate is appropriate "to allow NetChoice, LLC time to file a petition for a writ of certiorari." Dkt.61-1. Now that the Supreme Court has granted a short 30-day extension for NetChoice to file the petition, the normal course is for this Court to extend the stay to account for the new deadline. Indeed, Federal Rule of Appellate Procedure 41 expressly states that if "the party who obtained the stay notifies the circuit clerk in writing within the period of the stay … that the time for filing a petition has been extended … the stay continues for the extended period." Fed. R. App. P. 41(d)(2)(B)(i); *see also* 6th Cir. Rule 41(c) ("A stay of the mandate pending application to the Supreme Court for a writ of certiorari shall not be effective later than the date on which the movant's application for a writ of certiorari must be filed pursuant to 28 U.S.C. §2101 or Rule

13 of the Supreme Court rules, as applicable."). Ohio spends the bulk of its opposition insisting that this Court was wrong to grant a stay in the first place. But that is nothing more than a disguised out-of-time motion for rehearing and/or reconsideration. *See* Fed. R. App. P. 40(d) (14-day deadline for seeking panel rehearing or rehearing en banc); 6th Cir. R. 45(e) (14-day deadline for seeking reconsideration of a clerk order). Ohio does not even try to meet the stringent standards for rehearing and/or reconsideration, nor does it press any argument that it could not have pressed in such a petition/motion.

This Court should grant NetChoice's motion to align the stay of mandate with the new deadline for seeking certiorari.

Respectfully submitted,

s/Erin E. Murphy
ERIN E. MURPHY
CLEMENT & MURPHY, PLLC
706 Duke Steet
Alexandria, VA 22314
(202) 742-8900
erin.murphy@clementmurphy.com

*Counsel for Plaintiff-Appellant*

October 30, 2026

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I hereby certify that:

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 310 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) and 6th Cir. R. 32(b).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

October 30, 2026

s/Erin E. Murphy
Erin E. Murphy

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Erin E. Murphy
Erin E. Murphy