ANDY WILSON
OHIO ATTORNEY GENERAL

Office of the Solicitor General
Office 614-466-8980
Fax 614-466-5087

November 20, 2026

Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

Re: Response to Letter in *NetChoice, LLC v. Yost*, No. 25-3371

Dear Ms. Stephens:

Ohio writes in response to NetChoice's letter of November 5, 2026. Letter, Dkt. 68. NetChoice now asserts that the stay of the mandate persists despite this Court having already denied NetChoice's motion to extend the stay. *See* Extension Denial, Dkt. 67. The assertion is wrong for three reasons.

*First*, NetChoice already argued to this Court that Federal Rule of Appellate Procedure 41(d)(2)(B)(i) automatically extends the stay. NetChoice Reply at 1, Dkt. 64. So the Court already considered and rejected that rationale when it denied the extension.

*Second*, if NetChoice disagreed with this Court's order denying an extension, it could have asked the Court to reconsider. It did not, and the time to do so has passed. *See* Fed. R. App. P. 40(d) (14-day deadline for seeking panel rehearing or rehearing *en banc*); 6th Cir. R. 45(c) (14-day deadline for seeking reconsideration of a clerk order).

*Third*, NetChoice did not properly or timely invoke Federal Rule of Appellate Procedure 41(d)(2)(B)(i). NetChoice says that its "motion automatically extended" the stay. Letter at 1, Dkt. 68. But the Rule required NetChoice to "notif[y] the circuit clerk in writing within the period of the stay … that the time for filing a petition has been extended." Fed. R. App. P. 41(d)(2)(B)(i). A motion to the Court

is not notice to the Clerk. In the applicable time window, NetChoice asked *the Court* to grant affirmative relief but did not properly invoke Rule 41(d)(2)(B)(i) by notifying *the Clerk* of the extension of time to file its petition for *certiorari*. Worse, it only invoked the Rule in its *reply* to Ohio's opposition to its motion. That does not suffice as satisfactory notice under the Rule. By the time NetChoice notified the Clerk of the extension of time in its letter, the 90-day window to notify the Clerk had run, and the Court had already denied NetChoice's request for an extension.

This Court's order granting a stay was clear: the mandate "shall promptly issue if the petition is not filed within ninety days from the date of final judgment by this court." Order, Dkt. 61-1. That time passed while NetChoice sat on its hands. Meanwhile, Ohio and its children continue to suffer. *See* Ohio Opp.16, Dkt. 63. Consistent with its order denying an extension of the stay, the Court should issue the mandate.

D. ANDREW WILSON
Ohio Attorney General

*/s/ Mathura J. Sridharan*
MATHURA J. SRIDHARAN*
Ohio Solicitor General
**Counsel of Record*
GREGORY P. MATHEWS
Senior Deputy Solicitor General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614.466.8980
Mathura.Sridharan@OhioAGO.gov

*Counsel for Appellant*
*Ohio Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

*/s/ Mathura J. Sridharan*
Mathura J. Sridharan
Solicitor General